# EXHIBIT A

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-00073-S6**
**1/5/2022 4:41 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Andrea Williams and Brian Williams**

**1720 Peachtree Street, Suite 118**

**Atlanta, GA 30309**

CIVIL ACTION   22-C-00073-S6
NUMBER:

PLAINTIFF

VS.

**Burlington Coat Factory Warehouse Corporation**

**289 S. Culver Street**

**Lawrenceville, GA 30046**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Stephen R. Fowler, Esq.
1720 Peachtree Street, Suite 118
Atlanta, GA 30309

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _6th day of January, 2022_____, 20_____.

Tiana P. Garner
**Clerk of State Court**

By_____
**Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

Copy from re:SearchGA

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00073-S6**
**1/5/2022 4:41 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ANDREA WILLIAMS and BRIAN WILLIAMS, wife and husband, | ) ) ) | |
| PLAINTIFFS, | ) ) ) | |
| v. | ) ) ) | CIVIL ACTION NO._____ |
| BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, and JOHN DOES 1-5, | ) ) ) ) | 22-C-00073-S6 |
| DEFENDANTS. | ) | |

## COMPLAINT FOR DAMAGES

COME NOW, Andrea Williams and Brian Williams ("Plaintiffs") by and through counsel, and file this Complaint against Burlington Coat Factory Warehouse Corporation ("Defendant Burlington") and John Does 1-5, in the above-styled action and states as follows:

## PRELIMINARY STATEMENT

1.

This is a civil action brought by Plaintiffs for the recovery of damages arising from the injuries suffered by Plaintiff Andrea Williams when shopping at Defendant Burlington's store #1180 located at 132 Pavilion Parkway, Fayetteville, GA 30214. On or about July 6, 2020, Plaintiff Andrea Williams had finished shopping and was in the checkout line, when, without warning to Mrs. Williams, a large partition made of plexiglass or a similar material fell and violently struck her head.  There were no signs to warn Mrs. Williams of the hazardous condition and but for the negligence of the Defendant the incident would not have occurred. As a result, Mrs. Williams suffered significant injuries.

## PARTIES, JURISDICTION, AND VENUE

2.

Plaintiffs reallege and incorporates Paragraph 1 as fully set forth herein.

3.

Plaintiffs Andrea Williams and Brian Williams are Georgia residents, and thus are subject to the jurisdiction of this Court.

4.

Defendant Burlington is a Foreign Profit Corporation authorized and doing business in the State of Georgia. Defendant may be served with process through its registered agent, CT Corporation System, 289 S Culver St., Lawrenceville, GA 30046-4805 (Gwinnett County).

5.

Defendants John Does 1-5 are persons and entities, that own, operate, and/or work at the Burlington store and had legal or supervisory control over the store premises located at 132 Pavilion Parkway, Fayetteville, GA 30214, including responsibility for the design, manufacture, and installation of the partition involved. They are subject to the jurisdiction of this Court.

6.

Venue is appropriate in this court pursuant to Georgia Const. Art. 6, § II, ¶ IV and O.C.G.A. § 14-2-510(b)(1) because Defendant Burlington maintains its registered office in Gwinnett County, Georgia. Jurisdiction and venue are proper before the State Court of Gwinnett County for all Defendants by virtue of their joint conduct in the commission of the tortious acts.

7.

At all relevant times, Defendant Burlington and Defendants John Does 1-5 (hereinafter collectively, "Defendants") had a duty to exercise reasonable care to keep the premises safe for customers of the Burlington store #1180 located at 132 Pavilion Parkway, Fayetteville, GA 30214.

## **FACTS**

8.

Plaintiffs incorporate Paragraphs 1 through 7 as fully set forth herein.

9.

On July 6, 2020, Plaintiff Andrea Williams was a customer at Defendant Burlington's store, and as such would be classified as an Invitee under Georgia law.

10.

As Plaintiff Andrea Williams was in the checkout line and preparing to pay for items, a divider made of plexiglass or a similar component fell on her head.

11.

Although Defendants knew or should have known of the hazardous circumstances

2

Copy from re:SearchGA

created through their combined negligent acts, that such conditions within the store endangered customers such as Plaintiff Andrea Williams, and failed to take correction action or adequately warn Plaintiff Andrea Williams hazard.

12.

Although Plaintiff Andrea Williams exercised due care for her own safety, she suffered extensive injuries as a result of the incident.

13.

Defendant Burlington is solely at fault for Plaintiff Andrea Williams' injuries suffered on July 6, 2020, at 132 Pavilion Parkway, Fayetteville, GA 30214.

## COUNT I – NEGLIGENT MAINTENANCE OF PREMISES

14.

Plaintiffs incorporate Paragraphs 1 through 13 as fully set herein.

15.

At all times relevant, Defendants owed Plaintiff Andrea Williams' a duty to exercise the degree of care ordinarily possessed and exercised by owners, operators, constructors, managers, and maintainers of premises open to invitees. This duty included but was not limited to Defendants' obligation to exercise ordinary care in maintaining said premises against the existence of dangerous and hazardous conditions.

16.

Defendants had actual or constructive knowledge of the hazardous partition, but despite that knowledge, Defendants failed to exercise ordinary care in keeping the premises and approaches safe for its invitees and did not adequately and reasonably maintain said premises by removing or fixing the dangerous and hazardous conditions.

17.

As a direct and proximate result of the Defendants' negligence, Plaintiff Andrea Williams sustained serious injuries, pain and suffering, mental anguish, and other damages, including but not limited to, medical expenses and loss income as will be proven at trial and permitted under Georgia law.

## COUNT II – NEGLIGENT FAILURE TO WARN

18.

Copy from re:SearchGA

Plaintiffs incorporate Paragraphs 1 through 17 as fully set forth herein.

19.

At all times relevant, Defendants owed Plaintiff Andrea Williams a duty to exercise that degree of care ordinarily possessed and exercised by owners, operators, managers, and maintainers of premises open to invitees. This duty included, but was not limited to Defendants' obligation to provide reasonable warning to invitees, such as Plaintiff Andrea Williams, of the existence of dangerous and hazardous conditions on said premises about which Defendants had actual and/or constructive knowledge.

20.

Plaintiff Andrea Williams lacked knowledge of the hazardous condition, despite the exercise of ordinary care due to the conditions within the control of the Defendants, particularly including but not necessarily limited to inadequate warning of the hazard.

21.

As a direct and proximate result of Defendants negligence, Plaintiff Andrea Williams sustained serious injuries, pain and suffering, mental anguish, loss of the enjoyment of life, and other damages, including, but not limited to, medical expenses and loss income as will be proven at trial and permitted under Georgia law.

## COUNT III – NEGLIGENT PLACEMENT OF WARNING SIGNAGE

22.

Plaintiffs incorporate Paragraphs 1 through 21 as fully set forth herein.

23.

At all times relevant, Defendants owed Plaintiff Andrea Williams a duty to exercise that degree of care ordinarily possessed and exercised by owners, operators, constructors, managers, and maintainers of premises open to invitees. This duty included, but was not limited to Defendants' obligation to provide reasonable warning to invitees through adequate placement of signage, of the existence of dangerous and hazardous conditions on said premises about which Defendants had actual and or constructive knowledge.

24.

Plaintiff Andrea Williams lacked knowledge of the hazardous partition despite the exercise of ordinary care due to the conditions within the control of the Defendants.

25.

4

Copy from re:SearchGA

Defendants failed to place warning signage in such a location and manner so as to warn Plaintiff Andrea Williams or a reasonable person, of the hazardous partition.

26.

As a direct and proximate result of Defendants' negligence, Plaintiff Andrea Williams sustained serious injuries, pain and suffering, loss of the enjoyment of life, and other damages, including but not limited to, medical expenses and loss income as will be proven at trial and permitted under Georgia law.

## COUNT IV- NEGLIGENT DESIGN, MANUFACTURE, INSTALLATION, MAINTENANCE, AND INSPECTION

27.

Plaintiffs reallege and incorporate paragraphs 1 through 26 as fully set herein.

28.

Defendants, acting jointly, were responsible for the negligent design, manufacture, installation, and maintenance of the partition such that it posed a direct risk of harm to customers entering the premises.

29.

Following installation, Defendants failed to make regular and adequate inspections of the partition, and failed to conduct proper maintenance, resulting in the partition falling and striking Plaintiff Andrea Williams in the head.

30.

As a direct and proximate result of Defendants' negligence, Plaintiff Andrea Williams sustained serious injuries, pain and suffering, loss of the enjoyment of life, and other damages, including but not limited to, medical expenses and loss income as will be proven at trial and permitted under Georgia law.

## COUNT V- LOSS OF CONSORTIUM (BRIAN WILLIAMS)

31.

Plaintiffs reallege and incorporate paragraphs 1 through 30 as fully set herein.

Copy from re:SearchGA

32.

At the time of the incident, the Plaintiffs were married and following the incident, Plaintiffs continued to be married.

33.

Prior to the incident, Plaintiff Andrea Williams was able perform all of the duties of a wife including providing love, companionship, affection, and contributing to the maintenance of the marital home to the benefit of her husband, Plaintiff Brian Williams.

34.

As a direct and proximate result of Defendants' negligence, Plaintiff Andrea Williams was, and still is, unable to perform such duties in the same manner as before the incident.

35.

Plaintiff Brian Williams was therefore deprived and will continue to be permanently deprived of Plaintiff Andrea Williams' consortium, in a total amount of damages to be established by proof at trial.

## **DAMAGES**

36.

Plaintiffs realleges and incorporate Paragraphs 1 through 35 as fully set forth herein.

37.

As a result of this incident, Plaintiff Andrea Williams sustained serious injuries, pain and suffering, mental anguish, loss of the enjoyment of life, and other damages, including, but not limited to, medical expenses and loss income as will be proven at trial and permitted under Georgia law. She has been in severe pain since the incident and underwent treatment for said injuries.

38.

Plaintiff Andrea Williams seeks damages for the expenses of medical treatment received as a result of the incident caused by Defendants.

39.

Plaintiff Andrea Williams has suffered pain and suffering since the time of her injuries to date as a direct and proximate result of Defendants' negligence described herein and seeks compensation for same.

Copy from re:SearchGA

40.

Plaintiff Andrea Williams is currently having pain and suffering from her injuries as a direct and proximate result of Defendants' negligence described herein and seeks compensation.

41.

Plaintiff Andrea Williams will continue to suffer pain and suffering in the future from her injuries as a direct and proximate result of Defendants' negligence described herein and seeks compensation for same.

## **LIABILITY OF THE DEFENDANTS**

42.

Plaintiffs realleges and incorporate Paragraphs 1 through 41 as fully set forth herein.

43.

Defendants are liable to Plaintiff Andrea Williams by virtue of one or more of the following acts, including but not limited to:

a. Failing to exercise ordinary care to have the premises in a reasonably safe condition; and/or

b. Failing to exercise ordinary care not to expose the invitees to unreasonable risk; and/or

c. Failing to adequately warn of the hazard; and/or

d. Negligently failing to safeguard and prevent the object from falling on Plaintiff Andrea Williams.

44.

Each of the forgoing acts and omissions, including but not limited to those alleged throughout this Complaint, constitutes an independent act of negligence on the part of Defendants and one or more or all above-stated acts were the proximate and actual causes of damages to Plaintiff Andrea Williams. Defendants are liable for all damages recoverable under Georgia law.

45.

As a direct and proximate result of Defendants' negligence, Plaintiff Andrea Williams sustained serious injuries, pain and suffering, mental anguish, loss of the enjoyment of life, and other damages, including, but not limited to, medical expenses and loss of income as will be proven at trial and permitted under Georgia laws.

7

## PUNITIVE DAMAGES

46.

Plaintiffs reallege and incorporate Paragraphs 1 through 45 as fully set forth herein.

47.

Since Defendants had actual knowledge of the hazard and failed to remove the hazard; their actions were wanton of care or grossly negligent, rising to a level as to justify an award of punitive damages.

## PRAYER FOR RELIEF

*WHEREFORE*, Plaintiffs respectfully pray:

a. That Plaintiffs' Complaint be filed, summons issued, and service be affected in accordance with the law.
b. That Plaintiffs' Complaint be tried by a jury of 12 impartial members;
c. That Plaintiffs are compensated for past, present and future medical expenses;
d. That Plaintiffs are compensated for past, present and future pain and suffering;
e. That Plaintiffs are compensated for past loss of income;
f. That Plaintiffs are compensated for the loss of consortium;
g. That Plaintiffs are compensated with punitive damages;
h. That Plaintiffs are compensated for costs and awarded attorney fees; and
i. That Plaintiffs be granted such other relief as the Court deems just and proper.

Respectfully submitted this 5th day of January, 2022.

/s/ Stephen R. Fowler
Stephen R. Fowler
Georgia Bar No.: 464407
M. Andrew Echols
Georgia Bar No.:153099
Ronald D. Legette, Jr.
Georgia Bar No.: 672763
*Attorneys for Plaintiffs*

The Fowler Firm, LLC
Peachtree 25th Building
1720 Peachtree Street NW
Suite 118
Atlanta, GA 30309
(404) 574-2205-Phone

8

Copy from re:SearchGA

(404) 574-1518-Facsimile
stephen@fowlerfirmlaw.com
andrew@fowlerfirmlaw.com
ronald@fowlerfirmlaw.com

Copy from re:SearchGA

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ANDREA WILLIAMS and BRIAN WILLIAMS,<br>wife and husband, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO._____ |
| | ) | |
| BURLINGTON COAT FACTORY | ) | 22-C-00073-S6 |
| WAREHOUSE CORPORATION, and | ) | |
| JOHN DOES 1-5, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a copy of this foregoing

Complaint upon Burlington Coat Factory Warehouse Corporation by means of Private

Process Server, addressed as follows:

**Burlington Coat Factory Warehouse Corporation**
**Registered Agent: CT Corporation**
**289 S Culver St.**
**Lawrenceville, GA 30046-4805**

Respectfully submitted this 5th day of January, 2022.

<u>/s/ Stephen R. Fowler</u>
Stephen R. Fowler
Georgia Bar No.: 464407
M. Andrew Echols
Georgia Bar No.:153099
Ronald D. Legette, Jr.
Georgia Bar No.: 672763
*Attorneys for Plaintiffs*

The Fowler Firm, LLC
Peachtree 25th Building
1720 Peachtree Street NW
Suite 118
Atlanta, GA 30309

(10)

Copy from re:SearchGA

(404) 574-2205-Phone
(404) 574-1518-Facsimile
stephen@fowlerfirmlaw.com
andrew@fowlerfirmlaw.com
ronald@fowlerfirmlaw.com

(11)

Copy from re:SearchGA

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-00073-S6**
**1/5/2022 4:41 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

ANDREA WILLIAMS and BRIAN WILLIAMS,   )
wife and husband,   )
   )
     PLAINTIFFS,   )
   )
        v.   )      CIVIL ACTION
   )      NO._____
   )
BURLINGTON COAT FACTORY   )      22-C-00073-S6
WAREHOUSE CORPORATION, and   )
JOHN DOES 1-5,   )
   )
     DEFENDANTS.   )

**RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY**

     COMES NOW Andrea Williams and Brian Williams, Plaintiffs in the above-styled civil action, and pursuant to Georgia Uniform State/Superior Court Rule 5.2, the undersigned does hereby certify that they have served the Defendant in the above styled case with a copy of the following documents:

1.    Plaintiff's First Interrogatories to Defendant.
2.    Plaintiff's First Requests for Production of Documents to Defendant.
3.    Plaintiff's First Requests for Admissions to Defendant.

     Said copies were delivered to Defendant by way of Private Process Server, properly addressed as follows:

**Burlington Coat Factory Warehouse Corporation**
**Registered Agent: CT Corporation**
**289 S Culver St.**
**Lawrenceville, GA 30046-4805**

Respectfully submitted this 5th day of January, 2022.

                        */s/ Stephen R. Fowler*
                        Stephen R. Fowler
                        Georgia Bar No.: 464407
                        M. Andrew Echols
                        Georgia Bar No.:153099
                        Ronald D. Legette, Jr.
                        Georgia Bar No.: 672763
                        *Attorneys for Plaintiffs*

Copy from re:SearchGA

The Fowler Firm, LLC
Peachtree 25th Building
1720 Peachtree Street NW
Suite 118
Atlanta, GA 30309
(404) 574-2205-Phone
(404) 574-1518-Facsimile
stephen@fowlerfirmlaw.com
andrew@fowlerfirmlaw.com
ronald@fowlerfirmlaw.com

Copy from re:SearchGA

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-00073-S6**
1/5/2022 4:41 PM

TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☒ **State Court of** Gwinnett _____ **County**

---

**For Clerk Use Only**

**Date Filed** _____                    **Case Number** _____
         **MM-DD-YYYY**                    22-C-00073-S6

---

| Plaintiff(s) | Defendant(s) |
|---|---|
| Williams, Andrea | Burlington Coat Factory Warehouse Corporation |
| **Last**    **First**    **Middle I.**    **Suffix**    **Prefix** | **Last**    **First**    **Middle I.**    **Suffix**    **Prefix** |
| Williams, Brian | John Does 1-5 |
| **Last**    **First**    **Middle I.**    **Suffix**    **Prefix** | **Last**    **First**    **Middle I.**    **Suffix**    **Prefix** |
| | |
| **Last**    **First**    **Middle I.**    **Suffix**    **Prefix** | **Last**    **First**    **Middle I.**    **Suffix**    **Prefix** |
| | |
| **Last**    **First**    **Middle I.**    **Suffix**    **Prefix** | **Last**    **First**    **Middle I.**    **Suffix**    **Prefix** |

**Plaintiff's Attorney** Stephen R. Fowler, Esq.     **Bar Number** 464407     **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

---

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
    **Case Number**                    **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                  **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

ANDREA WILLIAMS and BRIAN WILLIAMS,  )
wife and husband,                    )
                                     )
        PLAINTIFFS,                  )
                                     )
              v.                     )        CIVIL ACTION
                                     )        NO._____
                                     )
BURLINGTON COAT FACTORY              )
WAREHOUSE CORPORATION, and           )
JOHN DOES 1-5,                       )
                                     )
        DEFENDANTS.                  )

### PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, INC.

COMES NOW, Andrea Williams and Brian Williams ("Plaintiffs"), plaintiffs in the above-styled action, by and through their undersigned attorney, pursuant to O.C.G.A. 9-11-36, and serves upon you this Plaintiff' First Request for Admissions to Defendant Burlington Coat Factory Warehouse Corporation (hereinafter "Defendant or Burlington").

Answers should specifically admit or deny the matter, or set forth in detail the reasons why the defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendant qualify an answer or deny only a part of the matter of which an admission is requested, Defendant shall specify so much of it as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant states that he has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny.

Defendant is advised that if it fails to admit the truth of any matter as requested, and if

(21)

Plaintiff thereafter proves the truth of the matter, Plaintiffs will apply to the Court for an order requiring Defendant to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

## Admissions

1.

Admit that Defendant Burlington has been correctly named in the present case insofar as the legal designation of names is concerned.

2.

Admit that Defendant Burlington was properly served with the Summons and Complaint in this case.

3.

Admit that Gwinnett County State Court has jurisdiction over the subject matter of this case.

4.

Admit that Gwinnett County State Court has personal jurisdiction over Defendant Burlington as a party defendant in this case.

5.

Admit that venue is proper in Gwinnett County State Court.

6.

Admit that Plaintiffs state a claim upon which relief can be granted.

7.

Admit that Defendant Burlington maintains insurance that covers its liability in this lawsuit.

8.

Admit that on July 6, 2020, Defendant Burlington was responsible for the supervision and training of employees within the Burlington store located at 132 Pavilion Parkway, Fayetteville, GA 30214.

9.

Admit that on July 6, 2020, Defendant Burlington had a duty to exercise ordinary care in operating its store to not create hazardous conditions for customers.

10.

Admit that on July 6, 2020, Defendant Burlington had a duty to exercise ordinary care in enforcing safe operating procedures within Defendant's Burlington's stores against the existence of hazardous conditions.

11.

Admit that, at the time of the incident, Plaintiff Andrea Williams was not a trespasser on the premises of the Burlington store located at 132 Pavilion Parkway, Fayetteville, GA 30214.

12.

Admit that, at the time of the incident on July 6, 2020, Plaintiff Andrea Williams was an invitee upon the premises of the Burlington store located at 132 Pavilion Parkway, Fayetteville, GA 30214.

13.

Admit that, at the time of the incident on July 6, 2020, Plaintiff Andrea Williams was a licensee upon the premises of the Burlington store located at 132 Pavilion Parkway, Fayetteville, GA 30214.

(23)

14.

Admit that, at all times relevant, Defendant Burlington had a duty to exercise ordinary care in warning invitees of the existence of hazardous conditions within areas and aisles inside the Burlington store of which it had actual and/or constructive knowledge.

15.

Admit that on July 6, 2020, Defendant Burlington was made aware of an injury to Plaintiff Andrea Williams that occurred on the property located at 132 Pavilion Parkway, Fayetteville, GA 30214.

16.

Admit that Plaintiff Andrea Williams was struck by a divider screen installed by Defendant while inside the Burlington store located at 132 Pavilion Parkway, Fayetteville, GA 30214.

17.

Admit that Defendant Burlington had actual knowledge that the divider screen could cause injury before July 6, 2020.

18.

Admit that prior to July 6, 2020, Defendant Burlington, through its agents, employees, and/or delegates had knowledge that a divider screen striking a customer could cause physical injury.

19.

Admit that it is the responsibility of Defendant Burlington to exercise ordinary care to keep the premises within its control in a reasonably safe condition for its invitee shoppers.

20.

Admit that on July 6, 2020, Defendant Burlington, through its agents, employees, and/or

(24)

delegates failed to implement proper procedures to prevent injury to customers from the use of the divider screens.

21.

Admit that, prior to Plaintiff Andrea Williams' injury on July 6, 2020, Defendant Burlington, through its agents, employees, and/or delegates did not adequately warn Plaintiff of the danger posed by Defendant's use of the divider screen.

22.

Admit that Defendant Burlington was negligent in failing to adequately warn Plaintiff of the hazard on or around July 6, 2020.

23.

Admit that Defendant Burlington was negligent in failing to post signage to reasonably warn Plaintiff of the hazardous conditions in the store.

24.

Admit that Defendant Burlington is legally responsible for the actions of its employee/agent at the time Plaintiff was injured.

25.

Admit that Defendant Burlington's acts on or around July 6, 2020 lacked the reasonableness of an ordinarily prudent person and caused injury to Plaintiff.

26.

Admit that Defendant Burlington's acts on or around July 6, 2020, constituted gross and wanton conduct towards Plaintiff.

27.

Admit that the Plaintiff Andrea Williams did nothing to cause or contribute to the cause of

(25)

her injury on or around July 6, 2020.

28.

Admit that Defendant Burlington currently has no evidence to show that at the time that the divider screen fell, that Plaintiff was not exercising ordinary care for her safety.

29.

Admit that Defendant Burlington negligently caused the incident resulting in Plaintiff' Andrea Williams' damages.

30.

Admit that Plaintiffs were not at fault in the incident causing Plaintiffs' damages.

31.

Admit that Defendant Burlington is liable for the incident resulting in Plaintiffs' damages.

32.

Admit that a divider screen striking a customer is a violation of Defendant Burlington's policies.

33.

Admit that prior to Plaintiff  Andrea Williams' injury on July 6, 2020, Defendant Burlington knew reasonable safety procedures were necessary to protect its customers against the dangers presented by divider screens.

Respectfully submitted this 5th day of January, 2022.

/s/ Stephen R. Fowler
Stephen R. Fowler
Georgia Bar No.: 464407
M. Andrew Echols
Georgia Bar No.:153099
Ronald D. Legette, Jr.
Georgia Bar No.: 672763

(26)

*Attorneys for Plaintiffs*

The Fowler Firm, LLC
Peachtree 25th Building
1720 Peachtree Street NW
Suite 118
Atlanta, GA 30309
(404) 574-2205-Phone
(404) 574-1518-Facsimile
stephen@fowlerfirmlaw.com
andrew@fowlerfirmlaw.com
ronald@fowlerfirmlaw.com

(27)

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

ANDREA WILLIAMS and BRIAN WILLIAMS,  )
wife and husband,                    )
                                     )
        PLAINTIFFS,                  )
                                     )
                v.                   )        CIVIL ACTION
                                     )        NO._____
                                     )
BURLINGTON COAT FACTORY              )
WAREHOUSE CORPORATION, and           )
JOHN DOES 1-5,                       )
                                     )
        DEFENDANTS.                  )

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

COMES NOW Andrea Williams and Brian Williams ("Plaintiffs"), Plaintiffs in the above-styled action and, pursuant to O.C.G.A. § 9-11-26 and § 9-11-34, serves this First Request for Production of Documents and Notice To Produce Originals at Trial pursuant to O.C.G.A. § 24-10-26 to Defendant Burlington Coat Factory Warehouse Corporation (hereinafter "Defendant"). Defendant is required to comply with said Code sections as follows:

### I.    INSTRUCTIONS

1.  If any document is withheld under any claim of privilege, each and every document for which a privilege is claimed shall be identified by providing the following information:

    (a)    date of creation,

    (b)    every person known to have seen such document or to have been told of the contents of such document,

    (c)    the subject matter of such document sufficient for identification, and

    (d)    the basis upon which such privilege is claimed.

(12)

2.   If any document so identified was, but is no longer, in your possession, custody or control, state what disposition was made of it, when, why, by whom, and if applicable, identify to whom it was transmitted and identify the last known person having possession of it and its last known location.

3.   This request for production of documents shall be continuing as required by O.C.G.A. § 9-11-26(e).

4.   All documents produced pursuant to this request shall be produced in separate groups of documents responsive to each separate request.

5.   Where documents and things exists which fall within the description of one of the numbered requests, and production of the same will be made by you, please produce such documents and things in a manner corresponding to the number request in which they are described so that identification with the appropriate request can readily be made.

6.   Where no documents or things exist which fall within the description of one of the numbered requests, please so state.

7.   For each document or thing withheld on claim of privilege or the doctrine of work product immunity, describe each document or thing sufficiently to indicate the factual and legal grounds for its inclusion within the scope of the privilege claimed and sufficiently to enable Defendant to identify the document or thing in a motion to compel production or a motion for in camera inspection by the Court. This description should provide the following information: a) the nature of the privilege claimed; b) identity of the document, including the general nature of the document; c) the date the document was created; d) the identity of the author and recipients (including any person who has seen the document) of the document.

(13)

8.  If you object to the scope or time period of all or any part of a request for production, specify in your objection the scope or time period objected to, and produce all documents falling outside the scope or time period objected to.

9.  If a document or thing called for by these requests once existed but no longer exists or can no longer be found, identify: a) the document, including its general nature; b) the author of the document and its recipients (including any person who has seen the document); c) the person who destroyed or discarded the document; d) the date and location of the document's destruction; and e) the reason for the document's destruction.

## II.   DEFINITIONS

All definitions set forth below shall be carefully followed:

(1)  "Person" shall mean natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

(2)  "Document" shall mean every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, intra-office or interoffice communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts, applications, permits, charts, drawing papers, graphs, surveys, indices, tapes, microfilm, microfiche, discs, data sheets, data processing cards, computer printouts, software and other computer-related materials, photographs, negatives, film, and every other written, typed, recorded, transcribed, filed or graphic matter.

(3)  As used herein, "Defendant", "you" and "your" refers to Burlington, and any attorneys, agents, subsidiaries, affiliates, employees, contractors, or representatives of any kind that have acted or that are acting on its behalf.

(14)

(4)  As used herein, the term "Occurrences" refers to the incidents or events that give rise to this lawsuit.

(5)  In these requests, the singular includes the plural; the plural includes the singular; the masculine includes the feminine; the feminine includes the masculine.

## **REQUESTS**

That Defendant produces <u>and</u> permits Plaintiffs to inspect and copy, test, or sample each of the following documents and things:

1.

All documents concerning any expert witnesses who you expect or who you think may testify at trial, along with all documents relied upon by such experts in formulating their opinions and/or conclusions.

2.

Please produce all photographs, maps, sketches, videotapes, computer animations, models, diagrams, and/or drawings of (a) the scene of the incident; (b) any object or sign placed in the area of the incident and/or (c) any person involved in the incident on July 6, 2020.

3.

All incident reports, accident reports or other similar reports regarding the allegations contained in the Complaint, and/or the defenses contained in the Answer, which are in the possession of Defendant, Defendant's attorney or any other agent.

4.

All statements (written, auto recorded, etc.) from other persons concerning these occurrences, or relevant to the subject matter involved in this lawsuit; particularly a true-copy of the audio tape from the interview with Defendant or Plaintiff taken by your agent prior to this

(15)

lawsuit being filed; along with a transcript of the recorded statements (these are not protected under
any privilege). This request would include all internal emails, letters and other documents.

5.

All documents and transcripts concerning judicial, quasi judicial or administrative charges
and hearings concerning the occurrences alleged in the Complaint or similar occurrences to those
alleged in the Complaint.

6.

All documents produced in any other lawsuit, hearing or proceeding, which are relevant or
similar to any issue in this lawsuit, including any other customer injury involving a store divider
within five years prior to July 6, 2020.

7.

The declaration pages and a full copy of all insurance policies which afforded Defendant's
liability insurance for the incident which is the subject matter of the Plaintiffs' Complaint or any
property owned or operated by Defendant.

8.

All relevant government statutes, ordinances, standards, regulations and other laws that
you contend support your defenses in this matter.

9.

All field notes, sketches, diagrams, letters, memos, reports, photos and other documents
concerning these occurrences or other subject matter involved in this lawsuit that have been
generated by or for experts consulted in this case.

10.

All reports, correspondence, memos, notes, photos, exhibits and other documents

(16)

embodying observations, calculations, illustrations and opinions from experts who may testify at trial concerning these occurrences or other subject matter involved in this lawsuit.

11.

Copies of any statement and/or recorded conversation of any kind taken from Defendant or Defendant's employees or agents, or former employees or agents, whether written or recorded, signed or unsigned, including any statement and/or recorded conversation made by any attorney or agent on behalf of Defendant or Defendant's agent or employee that are relevant to this case.

12.

All videotapes, audio tapes, recordings, photographs, messages, letters, diaries, notes or other written material relevant to this case; particularly those made at least one hour prior until one hour after the subject incident, but not to the exclusion of others that are relevant to Plaintiff Andrea Williams' encounter with the divider or injuries.

13.

All documents that relate to any attempts made by Defendant to resolve the matters that form the basis for this lawsuit.

14.

All documents evidencing when and how Plaintiffs gave notice of the July 6, 2020 incident to any employees, agents, contractors, representatives, or investigators of Defendant.

15.

All documents which were requested to be preserved in a letter to Burlington Coat Factory Warehouse dated July 14, 2020.

16.

Any document prepared as a result of the incident complained of in Plaintiffs' Complaint.

(17)

17.

All recordings of meetings or documents concerning Plaintiff after the complaints at issue in this lawsuit were made, in reference to this Complaint or the occurrences alleged in the Complaint.

18.

All policies, handbooks, operations manuals, or other documents in Defendant's possession or control that govern, describe, or relate to the inspection, maintenance and supervision of the use of dividers within Defendant's store located at located at 132 Pavilion Parkway, Fayetteville, GA 30214 at the time of Plaintiff Andrea Williams' injury on July 6, 2020.

19.

All records related incidents involving customer injuries in or around store dividers for three years prior to the incident, and any date following the incident.

20.

All documents and items, including but not limited to training manuals, policy manuals, videotapes, CD-ROMs, DVDs, bulletins, memoranda, or policy manuals, which contains the Defendant's policy for the operation of store dividers within the subject property on July 6, 2020.

21.

The entire employee personnel file of the employee or employees identified in your response to Plaintiff's Interrogatories numbers 20, 21, and 22.

22.

Any surveillance videotapes or digital recordings which recorded any portion of the store within two hours before and after the event described in Plaintiffs' Complaint.

(18)

23.

Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy all or part of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

24.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

25.

Any documents relating to any communication between you, or anyone acting on your behalf, with any of Plaintiff Andrea Williams' doctors, hospitals, or other healthcare providers concerning Plaintiff Andrea Williams' condition after the happening of the accident.

26.

All documents containing information which has been received by you from any doctors, hospitals, or other healthcare providers concerning Plaintiff Andrea Williams' condition after the incident.

27.

All documents and other things identified in your responses to Plaintiffs' Interrogatories.

28.

All documents that are associated with any part of the incident described in the Complaint.

29.

All videotapes or photos depicting Plaintiffs at any time.

(19)

Respectfully submitted this 5th day of January, 2022.

/s/ Stephen R. Fowler
Stephen R. Fowler
Georgia Bar No.: 464407
M. Andrew Echols
Georgia Bar No.:153099
Ronald D. Legette, Jr.
Georgia Bar No.: 672763
Attorneys for Plaintiffs

The Fowler Firm, LLC
Peachtree 25th Building
1720 Peachtree Street NW
Suite 118
Atlanta, GA 30309
(404) 574-2205-Phone
(404) 574-1518-Facsimile
stephen@fowlerfirmlaw.com
andrew@fowlerfirmlaw.com
ronald@fowlerfirmlaw.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

ANDREA WILLIAMS and BRIAN WILLIAMS, )
wife and husband, )
                                                 )
        PLAINTIFFS, )
                                                 )
                v. )            CIVIL ACTION
                                    )            NO._____
                                                 )
BURLINGTON COAT FACTORY )
WAREHOUSE CORPORATION, and )
JOHN DOES 1-5, )
                                                 )
        DEFENDANTS. )

**PLAINTIFFS' FIRST INTERROGATORIES**
**TO DEFENDANT BURLINGTON COAT FACTORY WAREHOUSE CORPORATION**

        COMES NOW Andrea Williams and Brian Williams ("Plaintiffs"), Plaintiffs in the above-styled civil action and propound these interrogatories to Defendant Burlington Coat Factory Warehouse Corporation (hereinafter "Defendant") pursuant to the Georgia Civil Practice Act. Defendant is required to answer these interrogatories separately and fully in writing under oath and to serve a copy of its answers upon counsel for Plaintiffs within thirty (30) days after the date of service for these interrogatories.

**INSTRUCTIONS**

        These interrogatories shall be deemed continuing and shall require supplemental answers. If you produce business records, pursuant to in lieu of answering any interrogatory, you must specify the business records from which the answer to the interrogatory may be derived or ascertained and afford Plaintiff reasonable opportunity to examine, audit, or inspect such records and to make copies, compilations, abstracts, or summaries.

        In answering the following interrogatories, you are requested to give full and complete

answers based upon your personal knowledge as well as that of any agent, employee, investigator or attorney who has obtained information on your behalf.

(A) Each interrogatory shall be answered separately and under oath. If any answer is based upon information and belief rather than personal knowledge, it should state that it is made on that basis.

(B) If the complete answer to an interrogatory is not known, state and answer as fully as possible each part of the interrogatory to which an answer is known.

(C) If any information is withheld under any claim of privilege:

    (i) State the basis upon which privilege is claimed;

    (ii) Identify, as defined below, the source of the information;

    (iii) Identify, as defined below, each person from whom the information was obtained;

    (iv) Identify, as defined below, every document which evidences or relates to such information; and

    (v) State the subject matter of the information sufficient for purposes of identification.

## DEFINITIONS

(A) As used herein, "Defendant", "you" and "your" refers to Burlington Coat Factory Warehouse Corporation, and any attorneys, agents, subsidiaries, affiliates, employees, contractors, or representatives of any kind that have acted or that are acting on its behalf.

(B) As used herein, the word "document" shall mean every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, intra-office or interoffice communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts, applications, permits, charts, drawing papers, graphs, surveys, indices, tapes, microfilm, microfiche, discs, data sheets, data processing cards, computer printouts, software and other

(2)

computer-related materials, photographs, negatives, film, and every other written, typed, recorded, transcribed, filed or graphic matter of any type or nature.

(C) As used herein, the word "person" shall mean any and all individuals, firms, partnerships, corporations, proprietorships, joint ventures, associations, governmental unites, trusts, estates and every other type of organization or entity.

(D) As used herein, the word "date" shall mean the exact day, month, and year, if ascertainable; otherwise, the word "date" shall mean the best available approximation (including the relationship to other events).

(E) As used herein, the word "identify," when used in reference to:

    (1)    An individual, shall mean to state his or her full name, present or last known residence address (designating which), and present or last known business affiliation (designating which), job title and employment address, and present or last known telephone numbers for such residence and employers.

    (2)    A firm, partnership, corporation, proprietorship, association, or other organization or entity, shall mean to state its full name and present or last known (designating which) address(es) and telephone number(s).

    (3)    A document, shall mean to state the title (if any) and date; to identify, as defined above, the author(s), sender(s), recipient(s), person(s) signing it; to state the type of document (i.e., a letter, memorandum, book, telegraph, chart, etc.) or some better means of identifying it; and to provide a summary of its contents (except that if a privilege is claimed, proved a description of the subject matter sufficient for identification). If any document so identified was, but is no longer, in your possession, custody, or control. State what disposition was made of it, when, why,

(3)

by whom, and if applicable, identify to whom it was transmitted and identify the last known person having possession of it and state its last known location. In the case of a document within your (as defined above) possession, custody or control, state whether you will make it available to the undersigned attorneys for inspection and/or copying.

(F) As used herein, "Occurrence" refers to the incident(s), accident(s) or event(s) that give rise to this lawsuit alleged in *Plaintiffs' Complaint.*

(G) In these requests, the singular includes the plural; the plural includes the singular; the masculine includes the feminine; the feminine includes the masculine.

## INTERROGATORIES

1.

Identify (by stating name, address, year of birth, telephone number):

(a)    The General Manager of Defendant's store #1180 located at 132 Pavilion Parkway, Fayetteville, GA 30214 on July 6, 2020;

(b)    the manager(s) on duty on July 6, 2020, for Defendant's store #1180 located at 132 Pavilion Parkway, Fayetteville, GA 3021;

(c)    any other person on duty or working on July 6, 2020, further stating the individual's job title and the hours they worked on July 6, 2020; and

(d)    any person assisting in responding to this discovery.

2.

Identify (by stating name, address, and telephone number) each person who:

(a)    was an eyewitness to the incident alleged in Plaintiffs' Complaint;

(b)    arrived at the scene of the occurrence complained of in this action immediately or

(4)

shortly after its occurrence; and

(c)     has knowledge of facts or circumstances concerning the incident involving Plaintiff

Andrea Williams and object that fell on Plaintiff Andrea Williams.

3.

State anyone who investigated this matter for you, (including insurance adjusters) state their name(s) and address(es), and state whether such investigation was documented. If said investigator obtained any signed statements or recorded statements, identify the person who gave the statement.

4.

Please identify all persons who have given verbal or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, identifying the same with sufficient particularity to satisfy a Request for Production of Documents.

5.

Identify all other persons, who have knowledge of facts leading up to this lawsuit or of the defenses that you assert in this matter; then state everything (each fact and detail) you expect them and each person named in the initial disclosures to include in their testimony.

6.

Please identify each person who by virtue of their experience, education or training, is an expert or is believed by you to be qualified as an expert, and/or who has been retained by you or on your behalf to make an investigation or study of the incident under investigation; and for each such expert witness state:

(a)     the subject matter to which he or she is expected to testify;

(b)     the substance of the facts and opinions to which he or she is expected to testify; and

(5)

(c)     a summary of the grounds for each such opinion.

7.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(4) please identify all persons whom you expect to call or may call as an expert witness upon trial of this matter.

8.

If you contend that the Defendant was not at fault for the Plaintiff Andrea Williams' injury, state the reason(s) you make this contention and include in your answer where and from whom (identify by name, address, and telephone number) you obtained the information to make this contention.

9.

Identify each and every drawing, photograph, videotape, and computer animation of the scene of the July 6, 2020 incident, or the persons involved in the incident, indicating the date made, its subject, its photographer or drawer, and its current custodian. The aforementioned were the subject matter of a letter of spoliation.

10.

Describe any insurance company that might be liable to satisfy all or part of any judgment that might be entered against you as the owner of the property involved in this case; specifying the name of the insurance carrier, the policy limits, the dates for which this policy was in effect, and any reason coverage would not be extended for any judgment against you for the July 6, 2020 incident.

11.

Identify any documents in the possession or under the control of Defendant and/or its agents that relate to the allegations in the Complaint or the defenses that you assert in this matter.

(6)

12.

Identify all government statutes, ordinances, standards or other laws that you contend support your defenses in this lawsuit.

13.

Identify anyone who has provided any statements, documents, or other recorded conversation in relation to this matter.

14.

State whether you or your attorneys have transcripts, reports, or records of any hearings relating to any charges/allegations filed against you in relation to the incidents giving rise to this lawsuit and any other litigation to which you were involved in the past five years.

15.

To your knowledge or belief, has there been any surveillance (video or photographs) taken of any party on July 6, 2020 or after? If so, identify all persons who now have or have had custody and/or control of any records, tapes, films or other recordings of such surveillance and its present location.

16.

Identify each record, recording, tape, surveillance tape, film, or other recording of such surveillance of any area within Burlington (inclusive of the area of the incident, but not exclusive to the area of the incident) in question taken on July 6, 2020, everyone who has had custody of same, and its present location, with sufficient particularity to satisfy a Request for Production of Documents.

17.

If you contend that Plaintiffs have brought action against the wrong entity due to a

(7)

misnomer, please state the complete name and address and insurance information of the correct defendant in this action.

18.

If you contend another party was wholly or partially responsible for damages sustained by Plaintiff Andrea Williams, please identify name, address, telephone number, and insurance information of said party.

19.

Identify the individual or entity that installed the divider screen at the time Plaintiff Andrea Williams was injured, providing name, address, telephone number, job title, and dates of employment.

20.

As to the area where the Plaintiff Andrea Williams was injured, please state:

(a)    the name(s) and address(es) of the person(s) charged with the responsibility of overseeing use of divider screens at all times relevant to the Complaint;

(b)    the complete name(s) and address(es) of the person(s) charged with the responsibility of inspecting that area and overseeing customer safety on July 6, 2020 and at all times relevant to the Complaint;

(c)    if said person(s) is/are employed by an entity other than the Defendant, the nature of said entity's relationship to the Defendant (i.e. landlord, subsidiary, independent contractor, etc.);

(d)    identify all documents which record, document, or relate to the duties and responsibilities for the persons loading and unloading produce inside the store during business hours.

(8)

21.

Provide the name, address, phone number, present place of employment, work phone numbers, job titles, or capacities and present whereabouts of:

(a)    any and all persons known or believed by Defendant to potentially have knowledge regarding the incident described in Plaintiff's Complaint.

22.

Identify all persons known to Defendant who have complained of injuries involving divider screens inside the store premises in the five years prior to July 6, 2020.

23.

Please state whether a surveillance video camera was operating on the premises at the time of the incident which forms the subject matter of Plaintiffs' Complaint. If your answer is yes, please state:

(a)    whether the camera recorded any portion of the incident complained of or events immediately thereafter;

(b)    the present location of any videotape or digital recording which recorded any portion of the incident complained of or any events immediately thereafter;

(c)    your policy for retaining and maintaining videotapes or digital recordings or injuries which occur on your premises.

24.

Identify all written agency, franchise or other agreements between the Defendant and any other entity involving the premises on which the Plaintiff sustained injury.

25.

Please state whether there existed any procedure or program for the regular training,

(9)

inspection, review or audit of the use of hanging dividers within the store during business hours, which such procedure or program was designed to identify and/or discover potential hazards to the users of the premises thereof. If so:

(a)     provide a general description of each such procedure or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure or program;

(b)     state the regularity with which each such procedure or program was to be implemented or conducted, if applicable; and

(c)     identify all documents relating to such procedure or program and their findings.

26.

Identify each and every document, tangible object, or other item of real, demonstrative or documentary evidence which contains, or may contain material or information which is, or may be, relevant to any of the issues involved in this action (including but not limited to training material, policy documents, etc.), and identify the person presently having possession, custody or control of each item listed.

27.

Please state the names of the persons who communicated with anyone concerning Plaintiff Andrea Williams' injury; whether by phone, email, or letter; the substance of those conversations; approximate dates and actions performed by you as a result of the conversation.

28.

Please identify each document from which you withheld from production in response to Plaintiffs' First Request for Production of Documents, under any claim of privilege or qualified immunity, including in your response the basis on which each document was withheld.

(10)

29.

Please identify each insurance policy or policies, which would be or may be used to satisfy

or indemnify part or all of the judgment, which may be entered in this case, including:

(a)    the writer of said policy or policies;

(b)    the local agent or representative who sold said policy or policies;

(c)    the policy number or numbers;

(d)    the policy coverage limits;

(e)    the named insured or insureds.

30.

Please identify the date Defendant first anticipated litigation may arise following the

incident described in Plaintiff' Complaint.

Respectfully submitted this 5th day of January, 2022.

*/s/ Stephen R. Fowler*
Stephen R. Fowler
Georgia Bar No.: 464407
M. Andrew Echols
Georgia Bar No.:153099
Ronald D. Legette, Jr.
Georgia Bar No.: 672763
*Attorneys for Plaintiffs*

The Fowler Firm, LLC
Peachtree 25th Building
1720 Peachtree Street NW
Suite 118
Atlanta, GA 30309
(404) 574-2205-Phone
(404) 574-1518-Facsimile
stephen@fowlerfirmlaw.com
andrew@fowlerfirmlaw.com
ronald@fowlerfirmlaw.com

(11)

E-FILED IN OFFICE - CS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-00073-S6**

**2/4/2022 10:55 AM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

ANDREA WILLIAMS and BRIAN WILLIAMS,
wife, and husband,

        Plaintiffs,

   v.

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION and JOHN
DOES 1-5,

        Defendants.

Civil Action File
No. 22-C-00073-S6

## **ANSWER**

COMES NOW Burlington Coat Factory Warehouse Corporation, appearing specially without waiving any rights after being named as a defendant in the above-styled civil action, and answers plaintiffs' complaint as follows:

## FIRST DEFENSE

Portions of plaintiffs' complaint fail to state or set forth claims against this defendant upon which relief can be granted.

## SECOND DEFENSE

This defendant, as required by law, reserves any defense that the plaintiffs' alleged damages, if any, may have been proximately caused by plaintiffs' own contributory and comparative negligence and failure to exercise ordinary care if the evidence shows such facts.

## THIRD DEFENSE

As required by law, this defendant reserves any defense that plaintiffs' damages, if any, may have been caused by the acts and failure to act of persons or entities other than this defendant if the evidence shows such facts.

## FOURTH DEFENSE

For its fourth defense, this defendant answers plaintiffs' complaint as follows:

1.

Defendant can neither admit nor deny the allegations contained in paragraph 1 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

2.

Defendant denies all other allegations contained in paragraph 1 of plaintiffs' complaint.

## PARTIES, JURISDICTION, AND VENUE

3.

In response to paragraph 2 of plaintiffs' complaint, defendant hereby incorporates by reference as if set out fully herein its answers and defenses to paragraph 1 of plaintiffs' complaint.

4.

Defendant can neither admit nor deny the allegations contained in paragraphs 3, 5, 6, and 7 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

5.

Defendant admits the allegations of paragraph 4 of plaintiffs' complaint.

6.

Defendant denies all other allegations of paragraphs 2 through 7 of plaintiffs'

complaint.

## FACTS

7.

In response to paragraph 8 of plaintiffs' complaint, defendant hereby incorporates

by reference as if set out fully herein its answers and defenses to paragraphs 1 through 7 of

plaintiffs' complaint.

8.

Defendant denies the allegations of paragraph 11 of plaintiffs' complaint.

9.

Defendant can neither admit nor deny the allegations contained in paragraphs 9,

10, 12, and 13 of plaintiffs' complaint for want of sufficient information to form a belief as to the

truth thereof, and puts plaintiffs upon strict proof of the same.

10.

Defendant denies all other allegations of paragraphs 8 through 13 of plaintiffs'

complaint.

## COUNT I – NEGLIGENT MAINTENANCE OF PREMISES

11.

In response to paragraph 14 of plaintiffs' complaint, defendant hereby incorporates by reference as if set out fully herein its answers and defenses to paragraphs 1 through 13 of plaintiffs' complaint.

12.

Defendant denies the allegations of paragraph 16 of Count I of plaintiffs' complaint.

13.

Defendant can neither admit nor deny the allegations contained in paragraph 17 of Count I of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

14.

In response to paragraph 15 of plaintiffs' complaint, defendant states that the paragraph is denied as pled in part because it sets forth incomplete and therefore inaccurate conclusions of law and fact.

15.

Defendant denies all other allegations of Count I of plaintiffs' complaint.

## COUNT II – NEGLIGENT FAILURE TO WARN

16.

In response to paragraph 18 of plaintiffs' complaint, defendant hereby incorporates by reference as if set out fully herein its answers and defenses to paragraphs 1 through 17 of plaintiffs' complaint.

17.

In response to paragraph 19 of plaintiffs' complaint, defendant states that the paragraph is denied as pled in part because it sets forth incomplete and therefore inaccurate conclusions of law and fact.

18.

Defendant can neither admit nor deny the allegations contained in paragraphs 20 and 21  of Count II of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

19.

Defendant denies all other allegations of Count II of plaintiffs' complaint.

## COUNT III – NEGLIGENT PLACEMENT OF WARNING SIGNAGE

20.

In response to paragraph 22 of plaintiffs' complaint, defendant hereby incorporates by reference as if set out fully herein its answers and defenses to paragraphs 1 through 21 of plaintiffs' complaint.

21.

In response to paragraph 23 of plaintiffs' complaint, defendant states that the paragraph is denied as pled in part because it sets forth incomplete and therefore inaccurate conclusions of law and fact.

22.

Defendant can neither admit nor deny the allegations contained in paragraphs 24, 25, and 26 of Count III of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

23.

Defendant denies all other allegations of Count III of plaintiffs' complaint.

COUNT IV – NEGLIGENT DESIGN, MANUFACTURE,
INSTALLATION, MAINTENANCE, AND INSPECTION

24.

In response to paragraph 27 of plaintiffs' complaint, defendant hereby incorporates by reference as if set out fully herein its answers and defenses to paragraphs 1 through 26 of plaintiffs' complaint.

25.

Defendant denies the allegations of paragraphs 28 and 29 of Count IV of plaintiffs' complaint.

26.

Defendant can neither admit nor deny the allegations contained in paragraph 30 of Count IV of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

27.

Defendant denies all other allegations of Count IV of plaintiffs' complaint.

COUNT V – LOSS OF CONSORTIUM (BRIAN WILLIAMS)

28.

In response to paragraph 31 of plaintiffs' complaint, defendant hereby
incorporates by reference as if set out fully herein its answers and defenses to paragraphs 1
through 30 of plaintiffs' complaint.

29.

Defendant can neither admit nor deny the allegations contained in paragraphs
32, 33, 34, and 35 of Count V of plaintiffs' complaint for want of sufficient information to form a
belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

30.

Defendant denies all other allegations of Count V of plaintiffs' complaint.

DAMAGES

31.

In response to paragraph 36 of plaintiffs' complaint, defendant hereby
incorporates by reference as if set out fully herein its answers and defenses to paragraphs 1
through 35 of plaintiffs' complaint.

32.

Defendant can neither admit nor deny the allegations contained in paragraphs
37, 38, 39, 40, and 41 of plaintiffs' complaint for want of sufficient information to form a belief as
to the truth thereof, and puts plaintiffs upon strict proof of the same.

33.

Defendant denies all other allegations in paragraphs 36 through 41 of plaintiffs' complaint.

## LIABILITY OF THE DEFENDANTS

34.

In response to paragraph 42 of plaintiffs' complaint, defendant hereby incorporates by reference as if set out fully herein its answers and defenses to paragraphs 1 through 41 of plaintiffs' complaint.

35.

Defendant can neither admit nor deny the allegations contained in paragraphs 43, 44, and 45 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

36.

Defendant denies all other allegations in paragraphs 42 through 45 of plaintiffs' complaint.

## PUNITIVE DAMAGES

37.

In response to paragraph 46 of plaintiffs' complaint, defendant hereby incorporates by reference as if set out fully herein its answers and defenses to paragraphs 1 through 45 of plaintiffs' complaint.

38.

Defendant  denies the allegations of paragraph 47 of plaintiffs' complaint.

39.

Defendant denies all other allegations in paragraphs 46 and 47 of plaintiffs'

complaint.

40.

Defendant denies all other allegations in plaintiffs' complaint including prayer for

relief.

WHEREFORE, having fully answered, defendant prays that it be discharged

without costs.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/S/ G. RANDALL MOODY

_____

G. RANDALL MOODY
Georgia Bar No. 517702

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing

**ANSWER** upon all parties concerned via the court's e-filing system which will automatically

send email notification of such filing to the attorneys or parties of record:

> Stephen R. Fowler
> M. Andrew Echols
> Ronald D. Legette, Jr.
> THE FOWLER FIRM, LLC
> 1720 Peachtree Street NW
> Suite 118
> Atlanta, Georgia 30309
> *Attorneys for Plaintiffs*

This 4th day of February, 2022

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/S/ G. RANDALL MOODY

_____
G. RANDALL MOODY
Georgia Bar No. 517702

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com

12256582/1
06544-222750

E-FILED IN OFFICE - CS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-00073-S6**
**2/4/2022 10:55 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

ANDREA WILLIAMS and BRIAN WILLIAMS,
wife, and husband,

      Plaintiffs,

  v.

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION and JOHN
DOES 1-5,

      Defendants.

Civil Action File
No. 22-C-00073-S6

**DEMAND OF DEFENDANT BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION FOR TWELVE-MEMBER JURY**

COMES NOW Burlington Coat Factory Warehouse Corporation, without waiving any rights, objections, or defenses after being named as a defendant in the above-styled civil action (hereinafter referred to as "defendant"), and pursuant to O.C.G.A. § 15-12-122(A)(12) hereby demands in writing prior to the commencement of the trial term that this case be tried by a jury of twelve.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/S/ G. RANDALL MOODY
_____
G. RANDALL MOODY
Georgia Bar No. 517702

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax

moodyr@deflaw.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the within and foregoing

**DEMAND OF DEFENDANT BURLINGTON COAT FACTORY WAREHOUSE CORPORATION**

**FOR TWELVE-MEMBER JURY** upon all parties concerned via the court's e-filing system which

will automatically send email notification of such filing to the attorneys or parties of record:

> Stephen R. Fowler
> M. Andrew Echols
> Ronald D. Legette, Jr.
> THE FOWLER FIRM, LLC
> 1720 Peachtree Street NW
> Suite 118
> Atlanta, Georgia 30309
> *Attorneys for Plaintiff*

This 4th day of February, 2022.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/S/ G. RANDALL MOODY
_____
G. RANDALL MOODY
Georgia Bar No. 517702

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com

12254384/1
06544-222750

E-FILED IN OFFICE - CS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00073-S6**
**2/4/2022 10:55 AM**
TIANA P. GARNER, CLERK

TO:        All Judges, Clerks of Court, and Counsel of Record

FROM:    G. Randall Moody

RE:        **Notice of Leaves of Absence**

DATE:     February 4, 2022

Comes now G. Randall Moody and respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel that he will be on leave pursuant to Georgia Uniform Court Rule 16.

1.        The periods of leave during which time applicant will be away from the practice of law are:

> March 7, 2022
> March 9, 2022
> March 14, 2022
> April 4, 2022
> April 7, 2022
> April 11, 2022
> April 15, 2022
> April 18, 2022
> May 9, 2022
> May 26, 2022
> May 31, 2022
> June 20, 2022

The purpose of the leaves is for family travel, professional meetings requiring nonrefundable registration, and for professional speaking engagements.

2.     All affected judges and opposing counsel shall have ten days from the date of this notice to object to it.  If no objections are filed, the leave shall be granted.

s/ G. Randall Moody

_____

G. RANDALL MOODY
Georgia Bar No. 517702

Drew Eckl & Farnham LLP
303 Peachtree St. NE
Suite 3500
Atlanta, Georgia  30308
404.885.1400

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing **NOTICE OF LEAVES OF ABSENCE** upon all judges, clerks, and opposing counsel listed on the attached Exhibit A via the court's e-filing system which will automatically send email notification of such filing to the attorneys or parties of record.

This 4th day of February, 2022.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

s/ G. Randall Moody

_____

G. RANDALL MOODY
Georgia Bar No. 517702

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
404.885.1400

EXHIBIT A

NAME OF CASE                Andrea Williams and Brian Williams, wife and husband, v.
                           Burlington Coat Factory Warehouse Corporation, and
                           John Does 1-5

CASE NUMBER:               22-C-00073-S6

JUDGE:                     Hon. Veronica Cope

COUNTY/COURT:              State Court of Gwinnett County, State of Georgia

OPPOSING COUNSEL:          Stephen R. Fowler
                           M. Andrew Echols
                           Ronald D. Legette, Jr.
                           THE FOWLER FIRM, LLC
                           1720 Peachtree Street NW
                           Suite 118
                           Atlanta, Georgia 30309

12254398/1
06544-222750

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

ANDREA WILLIAMS and BRIAN WILLIAMS,
wife, and husband,

        Plaintiffs,

  v.

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION and JOHN
DOES 1-5,

        Defendants.

Civil Action File
No. 22-C-00073-S6

## DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFFS

COMES NOW Burlington Coat Factory Warehouse Corporation, defendant in the above-styled action, and pursuant to O.C.G.A. § 9-11-33 propounds these interrogatories to ANDREA WILLIAMS and BRIAN WILLIAMS, plaintiffs in the above-styled action.  Plaintiffs are required under O.C.G.A. § 9-11-33 to answer these interrogatories separately and fully in writing and under oath and to serve a copy of said answers upon counsel for defendant within thirty-three days after service of these interrogatories.

NOTE A:  The plaintiff "shall furnish such information as is available to the party." See O.C.G.A. § 9-11-33(a).

NOTE B:  These interrogatories shall be deemed continuing and supplemental responses shall be required as set forth in O.C.G.A. § 9-11-26(e).

1.

State your :

(a)    date of birth;

- 1 -

(b)     marital status and full name of spouse;

(c)     driver's license number; and

(d)     educational background, including all schools, institutions, trade, or professional schools attended, the dates of attendance of each, and the degrees, certificates, or licenses obtained at each.

2.

If you have ever been arrested or convicted of any crime (other than a traffic offense), please identify each crime, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge including any first offender charges.  See *Gazelah v. Rome General Practice, P.C.,* 232 Ga. App. 343, 502 S.E.2d 251 (1998); *Federated Department Stores, Inc. v. Kane,* 180 Ga. App. 175, 348 S.E.2d 718 (1986).

3.

State specifically and in reasonable detail how the occurrence happened which is the basis of this lawsuit.

4.

Give the name, address, and telephone number of all persons that to your or your representatives' knowledge, information, or belief:

(a)     Were eyewitnesses to the incident giving rise to this lawsuit;

(b)     Have relevant knowledge concerning the incident giving rise to this lawsuit, any issue of liability in this lawsuit or the damages you claim in connection with this lawsuit, who were not identified in subpart (a);

(c)     Were present in the immediate area at the time of the occurrence.

5.

With regard to each statement (oral, written, recorded, court or deposition transcript, et cetera) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving the statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody, or control of each statement.

6.

State the name, address, and employer of all persons who to your knowledge, information, or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

7.

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, and other illustrations of any person, place, or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody, or control of each item.

8.

(a)     Please identify with reasonable particularity all previous or subsequent claims you have made for bodily injury or disability.  Give the date and place of the injury, the type of claim involved, and the name of the entity or insurer to whom the injury or disability claim was made.

(b)     Please list the full style of the case and the civil action number of all lawsuits in which you have been involved as a plaintiff or defendant.

9.

Identify all United States statutes, state statutes, city ordinances, county ordinances, and all other governmental laws, rules, or regulations which you contend the this defendant violated with respect to the incident giving rise to this lawsuit.

10.

If you consumed any alcoholic beverages, medicines, or drugs within twenty-four hours prior to the occurrence giving rise to this lawsuit, please identify the nature and quantity thereof and the time(s) and place(s) where such were consumed.

11.

Please state the place and date of all accidents of any kind, including falls, in which you have been involved, either PRIOR to the occurrence giving rise to this lawsuit or SUBSEQUENT thereto, and describe the personal injuries, if any, which you received in such other accidents or incidents.

12.

(a)    State the names and addresses of all doctors, osteopaths, psychologists, physical therapists, chiropractors, and other practitioners of the healing arts of every type and nature who have treated you as a result of the incident that is the subject of this litigation.

(b)    Give the full name and full address of your family doctor.

13.

Please identify each expert expected to testify at trial, including all subsequent treating physicians and practitioners of the healing arts; state the subject matter the expert is expected to testify about and the substance of the facts and opinions to which the expert is expected to testify; and give a summary of the grounds for each opinion.  See O.C.G.A.

§ 9-11-26 (b)(4)(A)(i).  The trial court has the power to exclude any expert or any expert testimony not fairly disclosed in your answer to this interrogatory.

14.

State in detail, to the best of your ability, all injuries you claim to have received as a result of the incident giving rise to this lawsuit; and indicate what injuries you are, at present, suffering from and the manner and extent of your current suffering.

15.

State whether you have had any PRIOR or SUBSEQUENT injuries, diseases, or difficulties in the areas of the body which you claim were injured in the occurrence which is the subject of this lawsuit, or to areas of your body involving your senses (sight, hearing, et cetera); and give the names and addresses of all practitioners of the healing arts who have treated you for such injury, disease, or difficulty.

16.

Give the names and addresses of all hospitals, infirmaries, clinics, sanitariums, nursing homes, and asylums in which you received treatment, including the dates of such treatment:

(a)     after the incident giving rise to this lawsuit, and indicate which you claim resulted from this incident;

(b)     for the fifteen years immediately before the incident giving rise to this lawsuit.

17.

Please itemize all special damages which you allege you have incurred (or others have incurred on your behalf) as a result of the occurrence giving rise to this lawsuit, including medical expenses, hospital expenses, drug expenses, property damage, lost wages,

and all other special damages (describing same) you claim to have incurred as a result of this occurrence.

18.

With respect to any payments or benefits which are available or which you have received (or which were made on your behalf by any source) because of the incident giving rise to this lawsuit, please state the amount and payee of each benefit, the name and address of the person, insurance company, corporation, or other entity making each payment or benefit available, and the nature of each payment or benefit made (i.e., PIP, no-fault benefits, worker's compensation, group or individual disability benefits, group or individual medical coverage, U.S. or state government, Medicare, Medicaid, Champus, et cetera).

19.

State whether or not you have filed state and federal income tax returns for the preceding five years and, if so, state where each return was filed, the social security or tax number on each return, and the total wages, salaries, tips, et cetera on each return.  (If you will voluntarily attach copies of each return or are willing to execute an appropriate authorization for the release of each return you may omit answering this question.)

20.

Please set forth in detail each and every act or omission that you contend was a breach of duty on the part of each defendant.

21.

For any lost wage or salary claim that you make, please explain how you computed the amount of damages; and state the name and address of your employer at the relevant time, the name of your supervisor, the dates you were unable to work, the date you

returned to work, your rate of pay, and whether or not your employer continued to pay your salary during any part of the time you were unable to work.

22.

State the complete substance of all conversations which you had with agents or employees of defendant(s) at the time of the occurrence and thereafter.

23.

State your height and weight:

(a)     at the time of the occurrence; and

(b)     at the time of answering these interrogatories.

24.

If you had any impaired physical or mental condition or disability at the time and place of the incident, including but not limited to congenital, medical, psychological, alcohol- or substance-induced, vision impairment, or otherwise?  If so, please explain in reasonable detail.

25.

State each fact upon which you base each claim against defendant.  (State separately for each defendant, if there is more than one defendant.)

26.

State the name, address, and telephone number of any person who has been to the premises referred to in the complaint on your behalf or behalf of your lawyer after the date of your claimed accident, along with the dates of any such visits to the premises.

27.

Please state all facts upon which you base any claim that sweeping, cleaning, maintenance, or inspection was necessary at the location of your claimed fall immediately before your claimed fall.

28.

Please state each fact upon which you base any claim that any defective construction existed in the location of your claimed fall immediately before your claimed fall.

29.

Please state each reason why you did not see and avoid any foreign substance, defective construction, or hazardous condition immediately before your claimed fall.

30.

Please state the amount in U.S. dollars you claim in this case for damages.

31.

Please state whether you claim damages in excess of $75,000 in this case.

32.

Please state whether you will immediately refund to defendant any amount of any verdict or judgment that is higher than $75,000.

33.

Please state if you agree to cap damages awarded in this case, if any, to $75,000.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP


/S/ G. RANDALL MOODY

_____

G. RANDALL MOODY
Georgia Bar No. 517702

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the within and foregoing

**DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFFS** upon all parties concerned via

the court's e-filing system which will automatically send email notification of such filing to the

attorneys or parties of record:

> Stephen R. Fowler
> M. Andrew Echols
> Ronald D. Legette, Jr.
> THE FOWLER FIRM, LLC
> 1720 Peachtree Street NW
> Suite 118
> Atlanta, Georgia 30309
> *Attorneys for Plaintiff*

This 4th day of February, 2022

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/S/ G. RANDALL MOODY
_____
G. RANDALL MOODY
Georgia Bar No. 517702

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com

12256625/1
06544-222750

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

ANDREA WILLIAMS and BRIAN WILLIAMS,
wife, and husband,

        Plaintiffs,

   v.

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION and JOHN
DOES 1-5,

        Defendants.

Civil Action File
No. 22-C-00073-S6

**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANT
BURLINGTON COAT FACTORY WAREHOUSE CORPORATION TO PLAINTIFF**

COME NOW Burlington Coat Factory Warehouse Corporation, appearing specially without waiving any rights, defenses, or objections after being named as defendant in the above-styled civil action (hereinafter referred to as "defendant"), and serves this Request for Production of Documents pursuant to O.C.G.A. § 9-11-34(a) and requires the plaintiff to comply with said code section by producing and permitting defendant's attorney to inspect and copy each of the following documents:

1.     All medical expenses or bills or drug bills incurred by you in connection with injuries allegedly received in the occurrence giving rise to your complaint in this civil action.

2.     Any and all documents relating to lost earnings that you allege to have sustained by reason of this occurrence.

3.     All medical reports (including hospital records) prepared by any physician, psychologist, or other practitioner of the healing arts who treated you for injuries

Service Only

allegedly received in this occurrence in your possession or the possession of your attorney.

4. All photos of any person, place, or thing related to this occurrence (photocopies of such photos may be produced in lieu of the positive prints).

5. Any and all documents obtained from any defendant or his/her/its employees or agents at any time following the incident referred to in your complaint.

6. Any and all correspondence to you or anyone on your behalf from any defendant or its employees or anyone on his/her/its/their behalf.

7. Any and all correspondence from you or anyone on your behalf to any defendant or anyone on his/her/its behalf.

8. Copies of any statements or recordings of any statements from any defendant or employee of any defendant.

9. Copies of any applications for benefits or proofs of loss provided by you or on your behalf to any insurance company that pertains to the incident or injuries referred to in your complaint.

10. Copies of any card verifying existence of any major medical insurance or hospitalization benefits or coverage at the time of the incident referred to in your complaint.

11. Copies of any report by any expert retained and consulted by you with respect to any aspect of the occurrence referred to in your complaint.

12. Copies of all witness statements obtained from any person about any information related to any issue in this lawsuit, including but not limited to liability or damages.

13. Copies of any photographs, motion pictures, videotapes, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or

demonstrative evidence or depiction concerning the subject incident or any of the issues involved in this lawsuit including, but not limited to, the issues of liability and damages.

14. Copies of all reports received from any experts, including experts who will testify at trial, who have investigated any issue related to the subject incident and related to this lawsuit.  Also, produce all materials relied upon by each expert in formulating his/her opinions and conclusions.

15. Copies of any records reflecting or referring to employment of you for the five years preceding the accident referred to in your complaint, including but not limited to W2 forms, 1099 forms, separation notices, income statements, et cetera.

16. Any and all documents in your possession regarding failure by defendants or anyone on their behalf to inspect anything you contend should have been inspected immediately before your accident.

17. Any and all documents that you contend show that any defendant did not determine that the location or instrumentality involved in plaintiff's incident (on the date of the subject incident) was properly inspected, managed, and/or maintained at the time of the subject incident.

18. Copies of all documentation of any kind received from any person or corporation relative to inspecting, managing, and/or maintaining the instrumentality or location where plaintiff's incident occurred on the date of the subject incident.

19. Copies of any and all documents of whatever kind evidencing any substantially similar event in the immediate area where plaintiff's claimed incident occurred on the date of the subject incident.

20.     Any and all reports and documents taken or prepared by plaintiff or anyone on behalf of plaintiff concerning the incident referred to in plaintiff's complaint.

21.     Any and all reports and/or statements concerning the subject incident submitted to and/or taken by any investigator or adjuster.

22.     Copies of any and all photographs and/or videotapes and/or moving pictures of the accident scene, plaintiff, or of any defendant or his/her/its agents, servants, or employees at any time after the accident referred to in plaintiff's complaint.

23.     Copies of any documents or other material which in any way relates to plaintiff or plaintiff's representatives or family contacting or attempting to contact any defendant and/or defendant's representatives after the incident up to and including the date of trial.

24.     Copies of any and all documents that support or otherwise pertain to any of your responses to interrogatories served by any of the defendants, identifying which interrogatory response each document supports or otherwise pertains to.

25.     All documents, records, reports, memoranda, and/or correspondence referring in any way to injuries to persons who claimed to have experienced a substantially similar incident to that involving the plaintiff at the premises identified in the plaintiff's complaint.

26.     The curriculum vitae of all experts who are expected to testify on behalf of the plaintiff.

27.     The written or oral reports of experts who are expected to testify on behalf of the plaintiff.

28.     All documents, records, correspondence, reports, and/or memoranda referring in any way to the inspecting, managing, and/or maintaining any instrumentality or location referred to in the complaint.

Service Only

29. Any receipts, bills, or similar documents verifying any activity by plaintiff anywhere including but not limited to at the location of the accident referred to in plaintiff's complaint on the date of the incident.

30. Floor plan, aerial photographs, and/or other drawings or materials demonstrating an overhead view of the instrumentality or location described in the complaint.

31. Documents and/or items that describe, list and/or demonstrate:

    a. the area where plaintiff's incident occurred; and

    b. the lighting and/or lack of lighting of the area where plaintiff's incident occurred

    c. the materials or construction/design/or plans of the premises or instrumentality referred to in plaintiff's complaint.

32. Copies of any photographs, still or motion pictures, and/or videotapes of the incident scene, taken on or after the date of the subject incident.

33. Documents you receive in response to requests to non-parties for the production of documents.

34. All safety notices, warnings, bulletins, or other similar documents you contend should have been displayed or distributed by defendant(s) at the location or instrumentality where you contend your accident took place.

35. Any documents containing measurements, surveys, or calculations made by you or anyone on your behalf or your lawyer's behalf of the instrumentality or location referred to in your complaint.

36. Any industry or trade standard you contend applies to the location, instrumentality, or claims referred to in your lawsuit.

37. Any documents supporting your claim of lost earnings or diminution of capacity to earn and labor.

38.   Any records of cell phone calls by you during the one week before and six months after the accident referred to in your complaint.

39.   Any records of job applications by you for the three years before your claimed accident and since the accident.

40.   Any records of questionnaires, questions, or other papers provided to any focus groups, jury research firms, or non-parties (other than your lawyer) concerning the facts or damages claimed by you.

41.   Any records of vehicle, bus, train, or airline travel by you since the date of the accident alleged in your complaint.

42.   Any photographs or videos exhibiting or documents supporting engagement or participation by you in any jobs, activities, hobbies or recreation for (a) the five years before and (b) the entire time after the accident referred to in your complaint.

43.   Any profiles, postings, messages (including status updates, wall comments, causes joined, groups joined, activity streams, blog entries), and social networking site applications concerning the incident as alleged in your complaint, claimed injuries, or your abilities and activities from the date of your claimed incident referred in the complaint through the present.

44.   Any profiles, postings, messages, videos, (including status updates, wall comments, causes joined, groups joined, activity streams, blog entries), and social networking site applications concerning any of your activities from the date of your claimed incident referred in the complaint through the present.

45.   Any histories or documents written or signed by you concerning any medical, psychological, or psychiatric testing for (a) the ten years before and (b) the entire time after the accident referred to in your complaint.

46.   Any documents referring to or showing any hazardous condition in the area of your claimed accident.

47.   Any documents referring to, showing, or demonstrating why you could not have seen and avoided the condition as alleged in your complaint or any other any claimed hazard immediately before your claimed incident.

48.   The negatives of any photographs taken at the premises where you contend your accident occurred.

49.   The cellular telephone, smart phone, laptop, computer, tablet, or other electronic device owned, possessed, or used by you on or after the date of your claimed accident referred to in your complaint.

50.   Any documents, photos, or things showing you accessed the premises referred to in your complaint before the date of the incident referred to in your complaint.

51.   Any documents, photos, or things showing you accessed the premises referred to in your complaint after the date of the incident referred to in your complaint.

52.   Copies of any applications for social security disability benefits, Medicare benefits, Medicaid benefits, or any other government benefits or proofs of loss provided by you or on your behalf to any insurance company or government agency and which pertains to the incident, injuries, or damages referred to in your complaint.

53.   Authorizations for the release of records referenced in request no. 1, 3, and 51 (Please see attached).  Please execute and return the signed authorizations to the undersigned.

54.   Any global positioning device (GPS) or similar item or device you owned or had access to as of the date of the incident referred to in the plaintiffs' complaint.

Service Only

55.    Any activity tracker, personal monitoring device, or similar item you owned or had access to as of the date of the incident referred to in plaintiff's complaint.

56.    Any data maintained by any personal tracker service or similar company concerning any activity by you since the date of the incident referred to in the plaintiff's complaint.

57.    Any documents supporting your claim for punitive damages.

YOU ARE HEREBY requested to comply with said code section by producing and permitting defendant's attorney to inspect and copy the documents designated above that are in your possession, custody, or control.  Said production will take place on March 7, 2022 at 10:00 a.m. in the offices of Drew Eckl & Farnham, LLP, 303 Peachtree Street NE, Suite 3500, Atlanta, Georgia 30308.  In lieu of appearance at the production, you may instead mail true and accurate copies of said documents to G. Randall Moody at Drew, Eckl & Farnham, LLP, 303 Peachtree Street NE, Suite 3500, Atlanta, Georgia 30308 before the date set for production.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP


/S/ G. RANDALL MOODY
_____
G. RANDALL MOODY
Georgia Bar No. 517702

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing **FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANT BURLINGTON COAT FACTORY WAREHOUSE CORPORATION TO PLAINTIFF** upon all parties concerned via the court's e-filing system which will automatically send email notification of such filing to the attorneys or parties of record:

> Stephen R. Fowler
> M. Andrew Echols
> Ronald D. Legette, Jr.
> THE FOWLER FIRM, LLC
> 1720 Peachtree Street NW
> Suite 118
> Atlanta, Georgia 30309
> *Attorneys for Plaintiffs*

This 4th day of February, 2022

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/S/ G. RANDALL MOODY

_____
G. RANDALL MOODY
Georgia Bar No. 517702

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com

12327955/1
06544-222750

- 9 -